UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 6:16-CR-5-KKC-HAI-6 |
| ) | |
| v. ) | RECOMMENDED DISPOSITION |
| ) | |
| JORDYN PERRY, ) | |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On referral from District Judge Caldwell, the Court considers reported violations of supervised release conditions by Defendant Jordyn Perry.

District Judge Caldwell entered Judgment against Defendant on October 20, 2017, on Defendant's plea to one count of conspiracy to distribute a substance containing a detectable amount of methamphetamine and one count of possession of an unregistered destructive device. D.E. 574 (plea agreement); D.E. 761 (Judgment).  Defendant was sentenced to a total of ninety-six months of imprisonment followed by a six-year term of supervised release.  D.E. 761.

Defendant was released to begin his period of supervised release on July 7, 2023.  On September 19, 2024, Defendant stipulated to two violations of his conditions of supervised release, failing to report to the United States Probation Office (the "USPO") as directed and failing to live at a place approved by the USPO. D.E. 975.  Defendant's supervised release was revoked, and he was sentenced to a term of imprisonment of seven months followed by five years of supervised release.  D.E. 976.

I.

On April 14, 2025, the USPO issued the Supervised Release Violation Report ("the Report") that initiated these proceedings. The Report charges Defendant with two violations. Violation #1 alleges that Defendant failed to report to the probation office in the federal judicial district where he was authorized to reside within 72 hours of his release from imprisonment, in violation of Standard Condition # 1 of Defendant's conditions of release. This is a Grade C violation. Violation #2 alleges Defendant failed to participate in an inpatient substance abuse treatment program as directed by the USPO immediately upon release from incarceration, in violation of Special Condition #3. This is also a Grade C violation.

The Court conducted an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1 on September 25, 2025. D.E. 997. During the hearing, Defendant made a knowing, voluntary, and intelligent waiver of his right to a preliminary hearing. *Id.* At that time, the United States made an oral motion for detention; Defendant did not argue for release. *Id.* Based on the heavy defense burden under 18 U.S.C. § 3143(a), the Court found detention was required. *Id.*

At the final hearing on October 3, 2025, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3538. D.E. 999. Defendant waived a formal hearing and stipulated to the violations set forth in the Report. *Id.* The Court found Defendant to be competent to stipulate to the violations and that the stipulation was knowingly, voluntarily, and intelligently made. *Id.* The Court also found the stipulation to be consistent with the advice of Defendant's counsel. *Id.*

The Court must find by "a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3); *see also United States v. Cofield*, 233

F.3d 405, 406 (6th Cir. 2000) ("In order to revoke supervised release, the sentencing court must find by a preponderance of the evidence that a defendant has violated a condition of his supervised release."). Defendant's stipulation permits the Court to find that he engaged in conduct that is a Grade C violation under the Guidelines. *See* U.S. Sent'g Guidelines Manal § 7B1.1(a)(3) (U.S. Sent'g Comm'n 2023).

II.

Under 18 U.S.C. § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant was originally convicted of the Class B felony conspiracy to distribute a substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 846 and the Class D felony of possessing an unregistered destructive device in violation of 26 U.S.C. § 5861(d). *See* 21 U.S.C. § 841(b)(1)(C); 26 U.S.C. § 5871; 18 U.S.C § 3559(a)(2). His conviction carries a thirty-six month maximum period of incarceration upon revocation pursuant to 18 U.S.C. § 3583(e)(3).

The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on Defendant's criminal history (at the time of sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (internal citation omitted). The Guidelines also instruct that, "[w]here there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade." U.S. Sent'g Guidelines Manual § 7B1.1(b) (U.S. Sent'g Comm'n 2023).

Under U.S.S.G. § 7B1.1(a), Defendant's admitted conduct qualifies as a Grade C violation with respect to Violations # 1 and # 2. Given Defendant's criminal history of V (the category at the time of his conviction in this District) and the Grade C violations, Defendant's range, under the Revocation Table of Chapter 7, is seven to thirteen months. Consistent with the guidance of appellate courts, this Court takes the Guidelines-recommended sentence as its starting point and has remained cognizant of it in forming its recommended revocation sentence. *E.g., Molina-Martinez v. United States*, 578 U.S. 189, 198-99 (2016).

### III.

At the final hearing, the government argued for revocation with an above-Guidelines sentence of twenty-five months of imprisonment, with no supervised release to follow. The defense requested that if Defendant were to be given an above-Guidelines sentence, it be lower than the government's recommendation of twenty-five months. The defense did not present argument about further supervised release.

In support of its recommended sentence, the government first described the dangerous nature of Defendant's underlying offenses, which included methamphetamine trafficking and the use of an unregistered destruction device. It further contended that the nature of Defendant's lenghty substance abuse history, which included regular use of several controlled substances, necessitated a term of imprisonment far above the Guideline range. It explained that Defendant was arrested on the current charges after enrolling in a drug rehabilitation program, although not the program required by his previous revocation judgment. While the self-enrollment may appear to be an attempt by Defendant to follow his terms of supervised release, the government argued, it was ultimately self-serving and more likely an attempt to manipulate the system for a more lenient sentence knowing his arrest was imminent.

The most important factor contributing to the government's recommended sentence, it described, was Defendant's breach of the Court's trust. It noted this is Defendant's second instance of nonconforming conduct during supervised release in this case. Defendant's criminal history, the government pointed out, includes a number of examples of Defendant's unwillingness to abide by other court's orders. Defendant has violated the terms of his state probation and has faced bench warrants for failing to appear in state court on multiple occasions. In addition to justifying a higher term of imprisonment upon revocation, the government asserted that this continuous refusal to follow court orders and abide by the law undermines the effectiveness of supervised release. It contended that no further supervised release is warranted, as Defendant would need to be willing to abide by his conditions of release for it to be productive. The government stated it did not see any evidence of Defendant's desire to participate, and therefore a further term would be futile.

Defense counsel argued in favor of a sentence lower than twenty-five months, first noting that Defendant recognizes that he messed up and has been candid since his arrest. Defense counsel explained that upon his release from prison, Defendant was told he would be transported directly to a treatment facility. However, he was instead dropped off at a Walmart in Hazard, Kentucky. While this does not excuse absconding for five months, counsel argued, such a discrepancy in communication in combination with the general difficulty a released felon has with post-release reintegration release should be considered. Further, defense counsel asserted that Defendant's self-admission to a rehabilitation program should be viewed positively. It was not what he agreed to do under his terms of supervised release, but the admission was a step in the correct direction.

Defendant addressed the Court briefly. He acknowledged he made a mistake and

5

apologized to the Court.  He stated he did not turn himself into a drug treatment program for a better outcome after being caught.  But, he explained, he knew it did not improve this situation.

VI.

The Court has reviewed the entire record, including the Report and its accompanying documents, and Defendant's underlying judgment and sentencing materials.  The Court has also considered all of the 18 U.S.C. § 3553(a) factors imported into the § 3583(e) analysis.  Through that consideration, the Court recommends that Defendant's supervision be revoked and that he be sentenced to a seventeen-month term of imprisonment with no further period of supervised release.

In analyzing the 18 U.S.C. § 3553(a) factors, the Court first considers the nature and circumstances of the underlying offense.  *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2011) (explaining that this sentencing factor focuses upon the original offense rather than the violations of supervised release).  These violations do not necessarily demonstrate that Defendant has fallen back into the drug trafficking activity that was the subject of his initial conviction.  However, this revocation is related in that Defendant has a long criminal history, which includes multiple instances of nonconforming conduct.

The Court next considers Defendant's history and characteristics.  As discussed above, Defendant has a lengthy criminal history.  This includes not only the underlying sentence and Defendant's other revocation for similar behavior in this case, but also a number of state matters that include probation violations and bench warrants issued for failing to appear in court.  Defendant is more than familiar with the criminal justice system.  Despite this familiarity, Defendant continues to engage in nonconforming conduct.  He has indicated he does not care about court orders and frequently refuses to follow them.  This factor supports revocation with an

above-Guidelines sentence.

The Court also considers the need to deter criminal conduct and protect the public. While Defendant's behavior is a serious issue, his repeated nonconforming behavior has not proven to be a serious public safety issue. Regardless, a significant sentence is needed to deter Defendant's criminal conduct in the future.

Another factor focuses on opportunities for education and treatment. Defendant would benefit from drug treatment. For treatment to work, however, it is incumbent on Defendant to hold himself accountable and engage in responsible decision making. While Defendant may have independently enrolled himself in treatment immediately prior to his arrest for this revocation, the enrollment was self-serving. It may have reflected what Defendant thought was an actual need, but any argument that the self-admission is a mitigating factor in this revocation is undermined by the fact that Defendant failed to do so in compliance with the terms of his release. He should have enrolled immediately after his release and done so through the USPO. Failure to do so indicates a lack of genuine interest in improvement and respect for the law. The Court cannot help Defendant if he refuses to help himself. Defendant must take responsibility for his decisions and comply with the law to genuinely benefit from drug treatment.

The Guidelines suggest that the primary wrong in the supervised release context is the violation of the Court's trust by an offender. The particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). The Court must impose a sentence that is sufficient, but not greater than necessary, to address Defendant's breach of trust and the other statutory goals imported into section 3583(e). This factor is

particularly severe in Defendant's case. During his sentencing, Judge Caldwell granted Defendant a sentence four months below the bottom of his Guidelines range. The four-month downward departure was not requested by counsel. Judge Caldwell gave Defendant the departure due to her hope that Defendant would take advantage of the leniency and improve himself in the future. Despite this generous extension of the Court's trust, Defendant has refused to abide by the rules of his supervised release. This revocation is premised on the same type of conduct that led to Defendant's supervised release revocation in 2024. Defendant's repeated disrespect of the Court's trust justifies the above-guidelines sentence.

The Court must consider the need to avoid unwarranted sentencing disparities. This factor is usually addressed by imposing a within-Guidelines sentence. Here, the Court recommends an incarceration sentence of seventeen months. This is above the Guidelines Range of seven to thirteen months. When varying from the Range, the Court must provide an adequate explanation and "'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" *Johnson*, 640 F.3d at 205 (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)). The Court must state "'the specific reason for the imposition of a sentence different from that described [in the applicable Guidelines or policy statements.]'" *Id.* (quoting 18 U.S.C. § 3553(c)(2)).

Here, the recommended above-Guidelines sentence is warranted. When a defendant is given a downwards departure during sentencing, the Court may order an above-Guidelines term of imprisonment upon revocation. U.S. Sent'g Guidelines Manual § 7B1.4 n.4 (U.S. Sent'g Comm'n 2023); *see United States v. Skaggs*, 726 F.App'x 411, 413 (6th Cir. 2018) (". . . because the original sentence was the result of a downward departure, an upward departure is warranted."). At his original sentencing, Judge Caldwell gave Defendant a four-month

8

downward departure. Given Defendant's aggravated breach of trust, along with the other 18 U.S.C. § 3553(a) factors described above, an above-Guidelines sentence is appropriate. As such, the undersigned recommends that four-months be added to the top of the Guideline range applicable to this revocation, for a total period of incarceration of seventeen months.

In fashioning its recommended sentence, the Court must consider whether an additional term of supervised release is warranted. Here, it is not. Defendant has shown twice now that he has no intention of abiding by his conditions of release. For supervised release to be effective, Defendant must hold himself accountable and follow the rules. Without any indication that Defendant will properly participate, he is not entitled to the USPO's resources through a further term.

For the reasons discussed herein and during the final hearing, the Court finds that seventeen months of incarceration with no additional supervised release is sufficient, but not greater than necessary, to address the incorporated sentencing factors.

V.

Based on Defendant's admitted conduct, and in consideration of the factors discussed above, the Court **RECOMMENDS:**

    (1) Defendant be found guilty of the violations.

    (2) Revocation and imprisonment for a term of seventeen months.

    (3) No further supervised release following the end of Defendant's term of imprisonment.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within **five days** after being served with a copy of this recommended

decision, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on Judge Caldwell's docket upon submission. If Defendant chooses to waive allocution, he SHALL do so on or before the deadline for filing objections.

This the 7th day of October, 2025.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge